IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 0:98-1186-JFA |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CALVIN McCROREY, JR. | ) | |
| _____ | ) | |

This matter is before the court upon defendant's *pro se* motion "for immediate consideration of this Rule 35 motion with exhibits, declarations and objection to the enhanced sentence" (ECF No. 646). The defendant has also filed a motion to strike (ECF no. 650) the government's response to his motion, contending that the government did not serve a copy upon him.[1] For the reasons which follow, the motions are denied.

The defendant contends that he is entitled to a sentencing reduction that would result in his immediate release. He indicates that his motion is under Rule 35 of the Federal Rules of Criminal Procedure, and therein raises arguments under *Shepard*, *Apprendi*, *Booker*, and *Blakely*. While the defendant has captioned his motion as one under Rule 35, this rule is clearly inapplicable here. Rule 35(a) of the Federal Rules of Criminal Procedure provides

---

[1] The defendant argues that the government's response to his motion is a sham and that this court did not have jurisdiction to accept the response. The defendant further contends that the government had "fraudulent intent in the certificate of service filed with the Court that mailed a copy of Motion to Dismiss and Memorandum. The Defendant has pled Scienter." A copy of the Certificate of Service attached to the government's response (ECF No. 649) indicates that it was served by regular mail on the defendant at FCI Morgantown where the defendant is presently housed. An order was entered directing the government to respond to the motion within 30 days, and it timely filed a response in opposition. The defendant's argument is without merit.

1

an avenue for the court to correct an arithmetical, technical or other clear error on the judgment within 14 days after sentencing. The judgment was entered in this case in 2001, which is outside of the time frame announced in the Rule. Part (b) of Rule 35 permits a reduction in sentence if a defendant provides substantial assistance to the government in investigating or prosecuting another person. No where does the defendant contend that the government has not rewarded him for his substantial assistance in the prosecution of another individual.

Moreover, on page 12 of his memorandum in support of the motion for reduction (ECF No. 646), the defendant indicates that "this is a collateral attack on defendant's sentence." As such, this court construes the present motion as one to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. Because the defendant has filed two unsuccessful § 2255 motions[2] in the past, and he has not provided any evidence that he has obtained pre-filing authorization to file such a motion, this court is without jurisdiction to consider the present, successive "collateral attack." In order for the defendant to file a successive § 2255 claim, he must first obtain authorization from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 22555(h) and § 2244(b)(3).

As this court has construed the defendant's motion as a successive motion under § 2255, a Certificate of Appealability is denied because the defendant has failed to make "a

---

[2] *See McCrorey v. United States*, C/A No. 0:02-3009-JFA, and *McCrorey v. United States*, C/A No. 3:05-2942-JFA.

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3] Denial of a Certificate of Appealability does not prevent the defendant from seeking permission from the Fourth Circuit to file a successive petition or pursuing his claims after obtaining such permission.

    IT IS SO ORDERED.

January 29, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001).